# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**MARION DUANE SCOGGINS,**
        **Petitioner,**

**-vs-**                                                                                                            **Case No. A-08-CA-673-SS**

**RICK THALER,[1]**
        **Respondent.**

## __O R D E R__

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Scoggins ("Scoggins")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1]; Respondent Nathaniel Quarterman ("Respondent")'s Response [#19]; Scoggins's Brief in Support [#22]; the Report and Recommendation of the Magistrate Judge [#23], and Scoggins's objections thereto [#25]. For the reasons set forth below, the undersigned finds Scoggins's application for writ of habeas corpus should be DENIED.

All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On August 17, 2009, the Magistrate Judge issued his report and recommendation that Petitioner's petition for writ of habeas corpus be denied. Scoggins timely filed

---

[1]The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

written objections to the Magistrate's report and recommendation on September 2, 2009, and thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having reviewed the petition, the report and recommendation, the objections, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

**Background**

Scoggins was convicted by a jury, in the 421st Judicial District Court of Caldwell County, Texas, of failure to register as a sex offender and sentenced to fifteen years imprisonment. Judgment was entered on September 8, 2004. Scoggins's conviction was affirmed on appeal. *Scoggins v. State*, No. 03-04-00555-CR, 2006 WL 1126185 (Tex. App.–Austin Apr. 27, 2006, pet. ref'd). Scoggins also sought state post-conviction relief in an application for habeas corpus. The application was denied without written order. *Ex parte Scoggins*, No. 70,621-01 (Tex. Crim. App. Feb. 4, 2009).

Scoggins then filed this petition. While Scoggins did file objections to the Magistrate's Report and Recommendation, his objections largely reiterate the same arguments he made in his petition and brief in support. However, the Court will examine all of his arguments giving particular consideration to those objections raising new concerns or giving further insight into Scoggins's previously raised arguments.

**Scoggins's Grounds for Relief**

Scoggins raises eight issues in thirty grounds for relief. Specifically, he claims: (1) his conviction is not supported by sufficient evidence (Grounds One, Three & Eighteen); (2) the indictment was defective (Grounds Two & Four); (3) the jury charge was defective (Ground Five);

(4) the prosecutor committed numerous errors (Grounds Six-Nine, Eleven, Twelve, Fourteen, Fifteen & Seventeen); (5) the trial court's errors denied him due process and a fundamentally fair trial (Ground Ten); (6) he was denied equal protection (Ground Thirteen); (7) he was deprived of an unbiased jury pool (Ground Sixteen); and (8) he received ineffective assistance of counsel (Grounds Nineteen-Thirty). In his objections, Scoggins elaborates most significantly on the claims regarding sufficiency of the evidence, the defective indictment, equal protection, and the ineffectiveness of counsel.

## Analysis

**The Antiterrorism and Effective Death Penalty Act of 1996 and its Application to Scoggins**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"]. Pub. L. No. 104-132, 110 Stat. 1214 (1996). AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under AEDPA's new standard, this Court cannot grant Scoggins federal habeas corpus relief in connection with any claim that was adjudicated on the merits in state court unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2).

The first requirement, regarding clearly established federal law "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Determining whether the decision was based on an "unreasonable

determination of the facts" thus constrains this Court in its review due to the deference it must accord the state court. *See id.* Therefore, unless there is an unreasonable factual determination by the state court in light of the record, the Court will give deference to the state court's fact findings. *See* 28 U.S.C. § 2254(d)(2).

The Fifth Circuit has held, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion, as in this case. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (citing *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."). With these principles in mind, the Court turns to the issues raised by Scoggins in this cause.

    **A.    Sufficiency of the Evidence**

Scoggins first contends his conviction is not supported by sufficient evidence. The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt. *United States v. Leahy*, 82 F.3d 624, 633 (5th Cir. 1996).

Scoggins alleges the evidence presented at trial was factually insufficient to support his conviction, specifically alleging the state failed to prove he did not register. Under Texas law,

intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than the "legal sufficiency" challenge under *Jackson v. Virginia* discussed above. 443 U.S. 307. Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Id.* at 319, a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis*, 922 S.W.2d at 129.

The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at 129-30. However, while Texas has permitted factual sufficiency reviews, under authority derived from Texas law, there is no corresponding federal right to such reviews under the United States Constitution. Under settled Fifth Circuit authority, a state may impose a more exacting standard for determining the sufficiency of the evidence, but challenges to state convictions under § 2254 need only satisfy the *Jackson* standard. *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996). Accordingly, any of Scoggins's claims attacking the factual sufficiency of the evidence are not cognizable in federal habeas proceedings. Thus, the Court examines Scoggins's claims under the *Jackson* standard.

### 1. Elements of the Offense

Federal courts are bound by state statutes and case law in determining the elements of an offense. *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992). Scoggins was charged with failing to register as a sex offender. Texas law provided in pertinent part:[2]

> A person who has a reportable conviction . . . shall register or, if the person is a person for whom registration is completed under this chapter, verify registration. . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days.

TEX. CODE CRIM. PROC. ANN. § 62.02(a) (Vernon Supp. 1999). Texas law further provided:

> A person subject to registration under this chapter who has for a sexually violent offense been convicted two or more times . . . shall report to the local law enforcement authorities with whom the person is required to register not less than once in each 90-day period following the date the person first registered under this chapter . . . . For purposes of this subsection, a person complies with a requirement that the person register within a 90-day period following a date if the person registers at any time on or after the 83rd day following that date but before the 98th day after that date.

*Id.* § 62.06(a). Thus, to support a conviction for failing to register as a sex offender, the State must show the defendant had two convictions for "sexually violent offenses" and failed to comply with his requirement to register as a sex offender within the time limit set by law.

### 2. Discussion

Scoggins first contends his conviction is void because the evidence did not show he committed the offense of failure to register. He points out the statute provides for a grace period, from the 83rd day to the 98th day, for the deadline for registration. Pet. Obj. at 2-3. Scoggins claims

---

[2] Texas law regarding sex offender registration was amended effective September 1, 2005. The citations are to the sections in effect at the time of Scoggins's trial in 2004.

because the indictment and judgment simply identified the date of his offense as August 7, 2003, ninety days after he had previously registered, the State failed to show he violated the law.

The indictment alleges Scoggins failed to report to the Caldwell County Sheriff as a sex offender "on or about the 7th day of August 2003, and before the presentment of this indictment." Tr. at 2. August 7, 2003 was ninety days after Scoggins had last registered on May 9, 2003. Scoggins argues ardently an offense based on failure to meet a deadline cannot be alleged to be "on or about" the deadline. *See* Pet. Obj. 1, 6. It is true Scoggins could have complied with the law by registering as late as August 15, 2003, the 98th day after he last registered. Had there been evidence of his registration sometime between August 7th and August 15th Scoggins's arguments might have more weight. Instead, the jury was presented evidence showing, as of the date of trial, nearly a year after the August 7th deadline, Scoggins still had not complied with his registration requirement. Rep. Rec. at 55-58. Further, Scoggins never actually claims he did register within the grace period. Accordingly, he has not shown he is entitled to habeas relief on this basis.

Scoggins further argues the evidence was insufficient to show he was required to register every ninety days. Specifically, he contends the prosecutor failed to prove he had convictions for two prior sexually violent offenses as required under the sex offender registration provisions. At the time of Scoggins's trial, Texas law defined "sexually violent offenses" to include indecency, specifically sexual contact, with a child under the age of seventeen. *See* TEX. CODE CRIM. PROC. ANN. § 62.01(6)(a) (discussing indecency with a child under section 21.11(a)(1), that is indecency by sexual *contact*, not indecency by *exposure*).

Scoggins specifically addresses the first of the two convictions relied upon by the prosecutor, a Caldwell County conviction on January 31, 1995 in case number 93-119. Tr. at 2. The judgment

states Scoggins was convicted of "Indecency With A Child" under section 21.11, but does not identify the subsection. State's Ex. 3 at 1. Scoggins contends this document on its face was therefore insufficient to establish the necessary predicate "sexually violent offense." However, the judgment states the offense was a second degree felony. *Id*. At the time of the offense, in 1995, indecency with a child *by contact* under section 21.11(a)(1) was a second degree felony, and indecency with a child *by exposure* under section 21.11(a)(2) was a third degree felony. TEX. PEN. CODE § 21.11(d) (Vernon Supp. 1987). Thus, the state appellate court did not err in concluding the Caldwell County conviction was for a violation of subsection (a)(1), not (a)(2), and the Caldwell County judgment was "sufficient to prove that appellant's conviction in that cause was for indecency with a child by contact." *Scoggins*, 2006 WL 1126185, at *2.

Scoggins's final attacks on the sufficiency of the evidence address an improper docket sheet cover page, and the State's failure to prove there was no record of his registration. This Court agrees with the Magistrate on both of these issues. Scoggins is correct in noting the docket sheet cover page does not seem to apply to Scoggins at all, but rather to a different case. However, the remainder of the exhibit, the plea of guilty, plus the judgment and sentence, clearly reflect Scoggins's name and the correct case number. State's Ex. 2 at 2-8. In rejecting his argument regarding the absence of a record of his registration, the Court agrees with the state appellate court "[t]hese arguments go to the weight of the evidence," not the sufficiency. *Scoggins*, 2006 WL 1126185, at 3. Under the liberal *Jackson* standard discussed above, the fact-finder's determinations concerning the weight and credibility of the evidence are entitled to great deference. Accordingly, Scoggins has not shown he is entitled to habeas relief on the ground that the evidence was insufficient to support his conviction.

### B. Defectiveness of the Indictment

Scoggins next asserts the indictment was invalid on two grounds. He first contends the indictment was void since it simply alleged his prior convictions were for indecency with a child, rather than for the sexually violent offense of indecency with a child by contact. He further contends the indictment failed to provide sufficient notice because the date alleged for the offense did not include the grace period under the statute.

The sufficiency of an indictment is a matter of state law. *Johnson v. Puckett,* 930 F.2d 445, 447 (5th Cir. 1991). A petitioner is not entitled to federal habeas relief unless the indictment is so defective as to deprive the state court of jurisdiction. *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994). Further, the question of whether a defective indictment deprived the state court of jurisdiction is barred from federal review if the sufficiency of the indictment was presented to the highest court of the state and that court found the trial court had jurisdiction. *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987). Scoggins presented this claim to the Texas Court of Criminal Appeals both on direct appeal and in his state habeas application. The rejection of this claim forecloses federal habeas review. *See Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (because sufficiency of indictment was squarely presented to highest state court and that court held trial court had jurisdiction, claim is foreclosed to federal habeas review). Thus, Scoggins's attacks on the indictment are barred from review herein. Accordingly, Scoggins has not shown he is entitled to federal habeas relief on the basis of a defective indictment.

### C. Defectiveness of the Jury Charge

Scoggins also maintains the jury charge was defective for many of the same reasons he alleges the indictment was defective. Improper jury instructions in state criminal trials rarely form

the basis for federal habeas relief. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). When reviewing jury instructions in federal habeas, "[t]he only question . . . is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Hughes v. Johnson*, 191 F.3d 607, 627 (5th Cir. 1999) (quoting *Estelle v. McGuire,* 502 U.S. 62, 72 (1991)).

Scoggins claims the jury was permitted to find him guilty of failing to register "on or about August 7, 2003" although his deadline to register did not expire until seven days later. As discussed above and explained by the Magistrate, this does not infect the entire trial. The language in the jury charge is virtually identical to the language in the statute under which Scoggins was convicted. Further, it is clear the jury was specifically told of the additional seven days afforded to Scoggins to register, and there was no evidence presented indicating Scoggins ever did register. This Court agrees with the Magistrate. Scoggins has not shown he is entitled to relief due to any defects in the jury charge.

### D.     Prosecutor Error

Scoggins next attacks the validity of his conviction as the product of numerous instances of prosecutorial misconduct, including improper comments during voir dire and during jury argument. Prosecutorial misconduct may constitute a denial of due process if the trial was rendered fundamentally unfair as a result. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (appropriate standard of review for claim of prosecutorial misconduct on writ of habeas corpus is narrow one of due process). A trial is fundamentally unfair if there is a reasonable probability the verdict might have been different had the trial been properly conducted. *Styron v. Johnson*, 262 F.3d 438, 454 (5th Cir. 2001). A prosecutor's statements can render a trial fundamentally unfair only if the accused

would not have been convicted but for the prosecutor's persistent and improper remarks. *Darden,* 477 U.S. at 181.

Scoggins claims the prosecutor incorrectly identified the standard of proof, biased the jury panel, failed to mention the convicted sex offenses must have been by contact, improperly relied upon circumstantial evidence, and referred to facts outside the record. As discussed by the Magistrate, the prosecutor's comments were either accurate statements of the law, or perfectly valid commentary on what the prosecutor believed was established by the evidence and fairly commented on to the jury. *United States v. Tomblin*, 46 F.3d 1369, 1390 (5th Cir. 1995); *see also United States v. Gordon*, 876 F.2d 1121, 1127 (5th Cir. 1989) (in jury argument attorney may state fair inferences and conclusions he wishes jury to draw from evidence presented at trial). The prosecutor repeatedly refers to the elements of the offense, the testimony and evidence presented at trial, and urges the jury to find Scoggins guilty based on that testimony and evidence. Accordingly, Scoggins has failed to establish he was denied a fair trial and wholly failed to show he is entitled to habeas relief on these bases.

### E. Denial of Due Process and a Fundamentally Fair Trial

Petitioner next contends the trial court erred in permitting an amendment of his indictment during trial. The indictment originally alleged Scoggins had committed two prior sexually violent offenses, including "cause number 944818 on the 13th day of February 1995 in the 147th Judicial District Court of Travis County, Texas." Tr. at 3. During trial, defense counsel objected to the admission of records related to that cause number because the actual date of the conviction was March 13, 1995. Rep. Rec. 3 at 20-21. The prosecutor moved to alter the indictment to remove the

reference to the month and day, leaving the reference to the year. The trial court agreed and granted the motion to abandon. *Id*. at 29.

Scoggins contends the trial court's ruling deprived him of due process and a fair trial because he was entitled to notice of the allegations against him. Scoggins raised this claim on direct appeal. The state appellate court held the alteration of the indictment was harmless error because the variance between the indictment and the proof required was not material. *Scoggins*, 2006 WL 1126185, at *2. Scoggins has wholly failed to rebut the state court's conclusion he was fully aware of the conviction which the prosecutor would attempt to use to prove his guilt. He has thus failed to show the state court's findings on this issue were an unreasonable application of governing law or an unreasonable determination of the facts. Accordingly, Petitioner has not shown he is entitled to federal habeas relief on this basis.

### F. Equal Protection

Scoggins next asserts he was denied equal protection. He claims he was subjected to differential treatment on appeal because different Texas courts of appeals used different standards in their treatment of claims attacking the propriety of amendments of, or alterations to, the indictment during trial. In his objections, Scoggins admits he "may be off point on an equal protection claim." Pet. Obj. at 11. Scoggins essentially argues the Austin Court of Appeals did not decide his case in the same way another court of appeals might have. However, Scoggins has not cited any instance in which another Texas court of appeals, presented with the same issue he presented on appeal, rendered a decision different from that rendered in his case. While Scoggins may be correct regarding a split in the Texas court of appeals regarding the standard of review for elimination of surplusage in an indictment, that split does not support an equal protection claim.

An equal protection claim stands on the premise that all persons similarly situated should be treated alike. *See e.g. Plyler v. Doe,* 457 U.S. 202, 216 (1982). However, merely showing two people are impacted differently is not sufficient to state an Equal Protection violation. *Washington v. Davis*, 426 U.S. 229, 246-50 (1976). If people are impacted differently, the party who is claiming equal protection must prove "the existence of purposeful discrimination" motivating the state action. *McCleskey v. Kemp*, 481 U.S. 279, 292-93 (1987).

Scoggins has not met the threshold for stating a claim of equal protection. He has only shown, perhaps, persons who appear in different appellate courts may have different standards applied to the determination of surplusage in the indictment. This does not constitute the sort of differential governmental treatment contemplated by the Equal Protection. Further, there is no indication this different impact was in any way intended to affect purposeful discrimination against Scoggins. Accordingly, he has failed to show the state habeas court's rejection of this claim was an unreasonable application of clearly established federal law. *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient); *Brown v. Dretke*, 184 Fed. Appx. 384, 385 (5th Cir. 2006) (prisoner failed to state cognizable equal protection claim because he did not show he belonged to suspect class or had been denied fundamental right).

### G. Jury Pool Bias

Scoggins next maintains the jury panel was biased when they were exposed to prejudicial information during voir dire. A criminal defendant has the constitutional right to be tried by impartial jurors whose verdict is based on the evidence at trial. *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986). A defendant claiming his jury was prejudiced by some external influence must show

actual or inherent prejudice. Actual prejudice requires a showing of some actual prejudicial effect, whereas inherent prejudice looks to whether "an unacceptable risk is presented of impermissible factors coming into play." *Holbrook*, 475 U.S. at 570.

As discussed above in reference to the prosecutor's comments to the jury, there is no indication such comments were anything other than recitations of the law, or hypothetical questions posed to determine whether a jury would be biased. Such comments cannot be viewed as prejudicial to the juror's evaluation of Scoggins' guilt. Accordingly, Scoggins has failed to establish he was denied a fair trial as the result. He is not, therefore, entitled to habeas relief on this basis.

### H. Ineffective Assistance of Counsel

Scoggins finally argues he was denied effective assistance of counsel. To establish ineffective assistance of counsel, Scoggins must allege and prove his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the "deficient performance" prong, Scoggins must show his attorney's errors were "so serious that his counsel was not functioning as the 'counsel'" the Sixth Amendment guarantees. *Id.* The attorney's conduct is reviewed with great deference, and there is a strong presumption that counsel has exercised reasonable professional judgment. *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986). To establish the "prejudice" prong, Scoggins must establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A 'reasonable probability' is one sufficient to undermine confidence in the outcome of the proceeding." *Nixon v. Epps*, 405 F.3d 318, 324 (5th Cir. 2005) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)). The Fifth Circuit has held "a failure to establish *either* requirement [of the *Strickland* test] necessarily defeats the

claim" of ineffective assistance of counsel. *Lincecum v. Collins*, 958 F.2d 1271, 1278 (5th Cir. 1992) (emphasis added).

The Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards. *United States v. Faubion*, 19 F.3d 226 (5th Cir.1994). "Judicial scrutiny of counsel's performance must be 'highly deferential,' and the court must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005) (citations omitted). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* For instance, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

The Court notes, as did the Magistrate, when Scoggins presented his claims of ineffective assistance of counsel in his state habeas application, the state habeas court denied relief, and in so doing concluded:

> The Court finds that Mr. Robert A. Hatcher provided competent and effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
> The Court finds that Mr. Eduardo Xavier Escobar provided competent and effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

*Ex parte Scoggins*, 70,621-01. Under *Jackson*, these conclusions are entitled to deference unless Scoggins is able to demonstrate the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented.

The overwhelming majority of Scoggins's claims of ineffective assistance of counsel are claims that his counsel should have objected to various errors by the trial court, the admission of evidence or allegedly improper comments by the prosecutor. As Scoggins himself acknowledges, he has raised the substance of those issues as separate claims for habeas relief, all of which have been reviewed above and found to be without merit. Scoggins's counsel cannot be found ineffective for failing to make meritless objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (failure to make frivolous objection does not cause counsel's performance to fall below objective level of reasonableness). Thus, these claims do not warrant federal habeas relief.

Scoggins also argues his attorney should have more extensively questioned the jury panel to determine prejudice, should have objected to the admission of three of the State's exhibits, and should have objected to the prosecutor's references to details of Scoggins's prior convictions. This Court agrees with the assessment of the Magistrate denying relief on the remaining claims of ineffective assistance.

As for the issue of questioning the jury panel, the record indicates Scoggins's counsel repeatedly questioned the panel members regarding their potential prejudice toward someone convicted of sexual offenses involving children. Counsel also sought to remove certain members of the panel based on their stated views. Rep. Rec. 2 at 100-05, 120-22, 134-35, 147-51. Accordingly, Scoggins has failed to show his counsel's performance was deficient on this basis.

As for the issue of objecting to certain of the State's exhibits, the record indicates Scoggins's counsel did in fact object to two of the three exhibits Scoggins discusses and was overruled on both. Rep. Rec. 2 at 46-47, 58-63. As for Exhibit 2 to which counsel did not object, Scoggins must show both that he was prejudiced as a result and the state habeas court acted unreasonably in rejecting his

claim. Exhibit 2 is composed of a Travis County, Texas court docket sheet, a plea of guilty, plus the judgment and sentence in a Travis County criminal case. Scoggins maintains the prosecution failed to prove a sufficient link between the documents and himself. Specifically, he contends the thumbprint on the docket sheet was not established as his. However, at trial, the prosecutor called Lockhart Sheriff's Department Officer Roescher to authenticate the exhibit. Roescher testified the thumbprint on the first page matched that on record for Scoggins. Rep. Rec. 2 at 19-20. Scoggins has presented nothing to rebut this testimony. Moreover, he does not dispute the other documents in Exhibit 2 reflect his name. Thus, Scoggins has failed to show his counsel erred in failing to object on this basis.

Finally, Scoggins contends his counsel should have objected to the prosecutor's references to details of his prior convictions. Here, Scoggins is mistaken about the subject of the prosecutor's comments. During voir dire, the prosecutor described what constitutes a sexually violent offense. As the offense of failure to register, in Petitioner's case, required the jury to determine whether he had previously been convicted of such an offense, Scoggins has failed to show the prosecutor's statements were improper. Accordingly, he has failed to show the performance of his counsel was deficient on any of the myriad bases he alleges.

**Conclusion**

In accordance with the foregoing:

    IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#23] is ACCEPTED.

    IT IS FURTHER ORDERED that Petitioner Marion Duane Scoggins's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED.

SIGNED this the 19th day of November 2009.

                                                          *SAM SPARKS*
                                                      SAM SPARKS
                                                     UNITED STATES DISTRICT JUDGE